# United States District Court
## Middle District of Florida
### Orlando Division

STEVEN D. OVERS,

                    Plaintiff,

-vs-                                                    Case No.  6:11-cv-217-Orl-28DAB

GENERAL DYNAMICS INFORMATION
TECHNOLOGY,

                    Defendant.
_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR ATTORNEY'S FEES (Doc. 34)** |
| **FILED:** | **June 6, 2012** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

        Plaintiff filed suit against his former employer, General Dynamics Information Technology

("GDIT") alleging claims of discrimination on the basis of race based on denial of training and

promotions.  Docs. 1, 11.  GDIT moved for summary judgment on Plaintiff's claims and Judge

Antoon granted the motion on May 21, 2012, making GDIT the prevailing party. Doc. 31.  GDIT now

seeks an award of attorneys' fees of $56,676.00 as the prevailing defendant in the case.  Doc. 34.

        Although GDIT did prevail at the summary judgment stage of these proceedings, the Court

concludes that its argument that Plaintiff's case was frivolous, unreasonable, or without foundation

overstates the district court's summary judgment ruling.  Plaintiff's prosecution of his claims does not

warrant an award of attorney's fees.

### Attorneys' Fees against Plaintiff[1]

The American Rule provides that in the absence of legislation providing otherwise, each party

must pay their own attorney's fees.  *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 244

(1975).  Section 2000e-5(k) of Title 42, U.S.C., provides that, in a Title VII action, the court, in its

discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.   Although

under this provision a prevailing plaintiff generally receives his attorneys' fees as a matter of course,

equitable considerations call for a different standard for an award of attorneys' fees to a defendant in

a civil rights action.   When the prevailing party is the defendant, public policy concerns support a

more stringent standard than merely winning the suit.   In such a case, the Court may award fees to a

prevailing defendant if the plaintiff's action was "frivolous, unreasonable, or without foundation, even

though not brought in subjective bad faith."  *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421

(1978) (civil rights case); *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201 (11th Cir. 2010).

"Frivolous" or "without foundation" means more than the fact that a plaintiff may ultimately

lose his case.  *Hughes v. Rowe*, 449 U.S. 5 (1980).  Frivolous means "so lacking in arguable merit as

to be groundless or without foundation."  *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182,

1189 (11th Cir. 1985); *Jerelds v. The City of Orlando*, 194 F. Supp.2d 1305 (M.D. Fla. 2002) *aff'd*,

251 F.3d 164 (11th Cir. 2001).   In determining whether to assess attorney's fees, the court must

examine 1) whether the Plaintiff established a *prima facie* case, 2) whether the Defendant offered to

---

[1]GDIT also sought reimbursement of costs of $4,793.53, which were taxed by the Clerk on June 14, 2012.  *See* Doc. 35.

settle[2], and 3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan*, 773 F.2d at 1189; *Quintana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005). GDIT contends that they are entitled to attorneys' fees against Plaintiff pursuant to Title VII (42 U.S.C. § 2000e-5(k) because Plaintiff failed to provide evidence to support his claim of discrimination.

**Analysis**

Here, Plaintiff sued GDIT for race discrimination alleging that he was denied training and promotional opportunities and was subjected to unfair work practices. GDIT moved for summary judgment asserting that Plaintiff's claims are barred because he failed to exhaust his administrative remedies, he failed to make out a *prima facie* case for his claims, and GDIT stated legitimate, non-discriminatory reasons for its actions that were not pretextual. Doc. 22. Judge Antoon granted GDIT's motion on May 21, 2012, and judgment was entered the next day. Doc. 32.

In seeking to recover its attorney's fees, GDIT argues that a reasonable person would have realized at the outset of the litigation, or no later than the close of his deposition, or certainly after reading GDIT's summary judgment motion, that there was no merit to his claims. Doc. 34 at 7-8. Plaintiff contends that GDIT has not asserted a basis for a "reasonable" fee award of $56,676. Doc. 37[3]. He also argues that GDIT should have been more cooperative in discovery, instead of failing to respond to discovery requests, which GDIT treated as untimely and served too close to the discovery deadline[4].

---

[2]GDIT contends that it made no settlement offers, and Plaintiff does not contradict the representation.

[3]Plaintiff's objection to an award of costs to the prevailing party, GDIT, is untimely. Doc. 37 at 3. Any objection to GDIT's bill of costs is required to be filed within 14 days pursuant to Rule 54. The Clerk taxed GDIT's bill of costs on June 14, 2012 (Doc. 35) and Plaintiff's "objection" (buried in a three page response) was not filed until September 4, 2012. Doc. 37.

[4]Plaintiff did not file a motion to compel the responses.

In granting GDIT's summary judgment motion, Judge Antoon held that several of Plaintiff's claims were time-barred because they were not properly asserted in Plaintiff's EEOC complaint and were outside the narrow scope of Plaintiff's asserted complaints about denials of training and promotion, and were limited by Plaintiff of the form to a two month period from August to October 2009. Doc. 31 at 9. Judge Antoon also ruled, as to Plaintiff's claims for denial of frontline supervisor training, that Plaintiff did not establish a *prima facie* case because he failed to assert that a similarly situated employee was allowed to attend the training when he was not. Doc. 31 at 13. However, not all of Plaintiff's claims failed to state a *prima facie* case, and a more complex analysis was required under the full burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny for Plaintiff's failure to train and promote claims. Doc. 31 at 11-16.

Although Judge Antoon ultimately granted summary judgment on Plaintiff's claim for denial of informal project manager training, these claims were "assumed to satisfy the prima facie case" and Plaintiff had identified a similarly situated employee was invited to attend the project manager meeting (Buzzard) when he was not. Doc. 31 at 13-14. Judge Antoon found that Plaintiff failed to rebut GDIT's legitimate non-discriminatory reason, that the supervisor issuing the invitations to the training was not aware of Plaintiff's interest, and once she was, she did invite Plaintiff; it had also been announced at a meeting Plaintiff attended. Doc. 31 at 14. Alternatively, Judge Antoon found that "a denial of training, without more, does not constitute an adverse employment action" unless Plaintiff could also show some other adverse employment action that resulted from the failure to train. Doc. 31 at 14 (citing *Fitzhugh v. Topetzes*, No. 1:04-CV-3258-RWS, 2006 WL 2557921, at *7 (N.D. Ga. Sept.1, 2006) (citing cases)). The only adverse employment action Plaintiff asserted in

connection with the denied PM training was a promotion to the PM position left vacant when another employee, named Hutchings, was laid off[5].  Doc. 31 at 14.

Contrary to GDIT's argument, Plaintiff's failure to promote claims at least stated a *prima facie* case because for the two promotions[6]–one to the PM position vacated by Hutchings and one to a Principal Business Administrator position– Judge Antoon was required to reach the second portion of the *McDonnell Douglas* burden-shifting equation and consider GDIT's legitimate non-discriminatory reasons and, upon a full analysis of all the evidence, whether they were pretextual.

Although Judge Antoon ultimately rejected Plaintiff's claim that he had been discriminated against in not being selected to replace Hutchings in the PM position, Plaintiff had alleged that another employee named Mitch Feroglia was promoted to Hutchings's PM position. Judge Antoon determined that Feroglia was actually assigned to absorb part of Hutchings' duties, but he did not receive any additional compensation or change in job title.  Doc. 31 at 15.  Although Judge Antoon ultimately rejected Plaintiff's claims because he found there was no open position after Hutchings was laid off, this ultimate determination does not make Plaintiff's claim "frivolous or unreasonable" – he alleged he had been passed over and another individual was selected to replace Hutchings, and another individual actually did assume Hutchings' PM responsibilities.  Judge Antoon's additional ultimate determination, that even if Plaintiff had the PM training, he still lacked the requisite finance and contracts qualifications to assume Hutchings' position also does not necessarily mean that

---

[5]As explained in more detail below, Judge Antoon ultimately determined that no such position existed, and even if it did, Plaintiff would not have been qualified for the position even if he had attended the informal PM training session. Doc. 31 at 14.

[6]As Judge Antoon noted, to establish a prima facie case of failure to promote, a plaintiff "must show that (1) he is a member of a protected class; (2) he was qualified and applied for the promotion; (3) he was rejected despite his qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted."Doc. 31 at 14 (citing *Jerome v. Marriot Residence Inn Barcelo Crestline/AIG*, 211 F. App'x 844, 847 (11th Cir. 2006) (citing *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004)).

Plaintiff's claim was "frivolous or unreasonable" – GDIT provided this legitimate non-discriminatory reason through the Declaration of Brayman, provided with the summary judgment motion. *See* Doc. 31 at 15 (citing Brayman Decl.).

Similarly, Judge Antoon also granted summary judgment to GDIT on Plaintiff's assertion that he was denied a promotion on a second position, that of Principal Business Administrator - for which he did request a promotion, based in part on GDIT's legitimate, non-discriminatory reasons that he did not provide guidance to administrative staff, there was no evidence of an opening. Doc. 31 at 15. Additionally, Judge Antoon noted that Plaintiff had not presented evidence that GDIT's reasons were pretextual because an employee in another city named Gaines, who did not know of Plaintiff's race at the time, had determined that the appropriate position for Plaintiff was Senior Business Administrator–not Principal Business Administrator. Doc. 31 at 16.

In view of the special care given to civil rights case, and the fact that Hutchings' PM position appeared to go to another employee (actually through absorption rather than promotion), and upon a review of all of the circumstances present here, the Court finds an award against Plaintiff to be unwarranted. While Plaintiff was ultimately unsuccessful and the case was disposed of prior to a full-blown trial on the merits, there was no finding by Judge Antoon that the case was frivolous, unreasonable, or without foundation. As the Supreme Court noted in *Hughes*:

> Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation" as required by *Christianburg*.

*Hughes,* 449 U.S. at 15, 16. In this case, Judge Antoon ultimately found GDIT's reasons for failing to promote Plaintiff were legitimate and non-discriminatory (and uncontroverted as pretextual by Plaintiff), but not that Plaintiff's claims were frivolous or groundless.

It is **respectfully recommended** that, to the extent GDIT seeks to recover its attorney's fees, the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 18, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy